IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Amy Dioen Burch,<br><br>      PETITIONER<br><br>   v.<br><br>United States of America,<br><br>      RESPONDENT | Crim No. 4:11-cr-00078-TLW<br>C/A No. 4:13-cv-01048-TLW<br><br><br>        **Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Amy Dioen Burch. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

On June 20, 2011, Petitioner pled guilty to Count 1 of the Indictment, which charged her with Conspiracy to Possess With Intent to Distribute and Distribution of 280 Grams or More of Cocaine Base.  On September 20, 2011, the Court sentenced her to 78 months imprisonment,[1] followed by a five-year term of supervised release, and Judgment was entered on September 29, 2011.  (Doc. #441.)  No notice of appeal was filed.

On January 13, 2012, Petitioner filed a § 2255 motion.  (Doc. #528.)  After the Government moved for summary judgment, (Doc. #567, 568), and Petitioner responded, (Doc. #578, 589), the Court granted in part and denied in part the § 2255 motion, (Doc. #661).

---

[1] After the Court granted a three-level reduction pursuant to the Government's § 5K1.1 motion, her total offense level was 28, with a criminal history category of I, resulting in a guideline range of 78 to 97 months imprisonment.

Specifically, as to Petitioner's claim that her attorney failed to file an appeal on her behalf, the Court granted relief by vacating and then immediately reinstating her conviction.  (Doc. #661 at 5.)  The Court dismissed the remainder of her claims without prejudice.  (*Id.*)

From this newly-reinstated conviction, Petitioner's newly-appointed attorney filed a notice of appeal, (Doc. #666), and then an *Anders* brief in the Fourth Circuit, (4th Cir. Doc. #16).[2]  Petitioner then filed an 18-page *pro se* brief in support of her appeal.  (4th Cir. Doc. #24-1.)  The Fourth Circuit affirmed the conviction, finding that her 78-month sentence was reasonable, there were no significant procedural errors, and the sentence was substantively reasonable.  *United States v. Burch*, 507 F. App'x 276, 276–77 (4th Cir. 2013) (unpublished).  The Fourth Circuit also examined the entire record, including the issues Petitioner raised in her *pro se* brief, and found no meritorious issues for appeal.  *Id.* at 277.

On April 16, 2013,[3] Petitioner filed this motion under § 2255, stating two grounds for relief:  (1) that she was attributed the wrong amount of drugs for sentencing purposes; and (2) her appellate counsel was ineffective in failing to properly investigate her case and discover that she had been sentenced under the incorrect drug weight, and her trial counsel was ineffective in failing to object to the drug amount during the plea hearing and failing to object to the drug amount attributed to her in the PSR.  (Doc. #732 at 4–5.)  On April 25, 2013, the Government filed a Response and a Motion for Summary Judgment.  (Doc. #736, 737.)  On May 15, 2013, Petitioner filed a Response to the summary judgment motion.  (Doc. #743.)  This matter is now ripe for decision.

---

[2] The case number of the appeal is 12-4691.

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this motion *pro se*.  Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less

3

stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV. Discussion

### A. Drug Amount

There is no merit to Petitioner's argument that the incorrect drug amount was attributed to her. She believes that the Court confused her with her co-defendant, who pled guilty at the same time as Petitioner, and attributed his 280 grams of crack to her and her 28 grams of crack to him. (Doc. #732 at 5.) Her belief is simply incorrect.

In her plea agreement, she agreed to plead guilty to Count 1 of the Indictment, which charged conspiracy to possess with intent to distribute 280 grams or more of crack cocaine. (Doc. # 255 at 1.) During the plea colloquy, it was made clear that she was pleading to Count 1 and her co-defendant was pleading to the lesser included offense. (Doc. #673 at 7–8.) She agreed that these were the terms of her plea agreement and that she understood them. (*Id.* at 10–

11.)  After the Court reviewed the charge with her, stating that it was conspiracy to possess with intent to distribute and distribute 280 grams or more of crack cocaine, she said that she understood this charge.  (*Id.* at 21–22.)  The Court make clear that she was pleading to 280 grams or more and her co-defendant was pleading to 28 grams or more.  (*Id.* at 22–23.)  The Court also reviewed with her the possible penalties that applied to a plea to 280 grams or more.  (*Id.* at 23–24.)  Finally, the Court asked her if she, either on her own or as a member of the conspiracy, sold 280 grams or more and she acknowledged that she had done so.  (*Id.* at 31.)

During the plea colloquy, Task Force Officer Page testified that there was "an excess of five historical witnesses plus a Mirandized statement given by [Petitioner] which attributed in excess of 28 of [sic] grams of crack to her and others in this conspiracy."  (*Id.* at 29.)  This reference to 28 grams was not an indication that she was pleading guilty to a conspiracy charge related to 28 grams of crack.  The remainder of the plea colloquy, as discussed above, made clear that there was a sufficient factual basis for her guilty plea to 280 grams or more.  *See United States v. Fuller*, 208 F.3d 210, 2000 WL 285402, at *3 (4th Cir. 2000) (unpublished table decision) (holding that a defendant's admissions during the plea colloquy provided a sufficient factual basis for the guilty plea); *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991) ("The court may conclude that a factual basis exists from anything that appears on the record.").  Additionally, her PSR reflects that her own statements to law enforcement resulted in 273 grams being attributed to her, in addition to the attribution arising from historical witnesses' statements.[4]  (Doc. #417 at 9.)

Petitioner also states that Page "stated for the record [that] [Petitioner's] amount was minimal and used for the purposes of relevant conduct."  (Doc. #743 at 7.)  Petitioner

---

[4] She was held accountable for a total of 2,505.26 grams of crack cocaine, as well as 60 grams of powder cocaine.  (Doc. #417 at 10.)

misinterprets Page's statements.  In support of the Government's § 5K1.1 motion, Page testified that "about the only thing I can say about her information, it was minimal drug weight.  It was used in their case mainly for the conduct.  Mainly was cocaine weight. . . . It was mainly cocaine weight that she attributed."  (Doc. #678 at 5.)  These statements from Page were about information that Petitioner provided about *other* individuals, not about Petitioner's own conduct in this case.

Furthermore, in Petitioner's *pro se* brief on direct appeal, she raised this argument about her drug weight to the Fourth Circuit.  (*See* 4th Cir. Doc. #24-1 at 13–18.)  The Fourth Circuit rejected this argument.  *Burch*, 507 F. App'x at 277 ("We have examined the entire record under *Anders*, including the issues raised in Burch's pro se supplemental brief, and have found no meritorious issues for appeal.").  Because this argument has been raised to and ruled on by the Fourth Circuit, she cannot re-raise it in a § 2255 proceeding.  *See United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013); *see also United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

## B.    Ineffective Assistance of Counsel

Petitioner argues that she was denied the effective assistance of counsel, in violation of the Sixth Amendment.  She claims that her appellate counsel "failed to investigate and discover that [she] had indeed been sentence [sic] under the incorrect drug weight for sentencing," and that her trial counsel "failed during plea hearing to object to the drug amount, also during my PSR he failed to object to the incorrect drug amount being attributed to me . . . ."  (Doc. #732 at 5.)  As discussed above, there is no merit to her argument regarding the drug weight, and thus no merit to her argument that her attorneys were ineffective.

## V.    Conclusion

For the reasons stated, the Government's Motion for Summary Judgment (Doc. #737) is **GRANTED** and Petitioner's motion for relief pursuant to § 2255 (Doc. #732) is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that she may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 21, 2014
Columbia, South Carolina